MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
LUIS ALBERTO RIVAS FRANCO,
*individually and on behalf of others similarly situated,*

                    *Plaintiff*,

          -against-

P&S SELECT FOODS INC. (D/B/A P & S SELECT FOODS INC. ), RAY MILLAN , GARY LANGSAM , ANTHONY MILLAN , and RAY MILLAN JR. ,

                    *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Luis Alberto Rivas Franco ("Plaintiff Rivas" or "Mr. Rivas"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against P&S Select Foods Inc. (d/b/a P & S Select Foods Inc. ), ("Defendant Corporation"), Ray Millan, Gary Langsam, Anthony Millan, and Ray Millan Jr., ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Rivas is a former employee of Defendants P&S Select Foods Inc. (d/b/a P & S Select Foods Inc.), Ray Millan, Gary Langsam, Anthony Millan, and Ray Millan Jr.

2. Defendants own, operate, or control a supply company, located at 355 Food Center Drive, Bronx, NY 10474 under the name "P & S Select Foods Inc."

3. Upon information and belief, individual Defendants Ray Millan, Gary Langsam, Anthony Millan, and Ray Millan Jr., serve or served as owners, managers, principals, or agents of

Defendant Corporation and, through this corporate entity, operate or operated the supply company as a joint or unified enterprise.

4. Plaintiff Rivas was employed as a driver's helper at the supply company located at 355 Food Center Drive, Bronx, NY 10474.

5. At all times relevant to this Complaint, Plaintiff Rivas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Rivas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Rivas to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Rivas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Rivas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rivas's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supply company located in this district. Further, Plaintiff Rivas was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

13. Plaintiff Luis Alberto Rivas Franco ("Plaintiff Rivas" or "Mr. Rivas") is an adult individual residing in Bronx County, New York.

14. Plaintiff Rivas was employed by Defendants at P & S Select Foods Inc. from approximately July 14, 2017 until on or about March 22, 2019.

15. Plaintiff Rivas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a supply company, located at 355 Food Center Drive, Bronx, NY 10474 under the name "P & S Select Foods Inc.".

17. Upon information and belief, P&S Select Foods Inc. (d/b/a P & S Select Foods Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 355 Food Center Drive, Bronx, NY 10474.

18. Defendant Ray Millan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ray Millan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ray Millan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Gary Langsam is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gary Langsam is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gary Langsam possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Anthony Millan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anthony Millan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Anthony Millan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Ray Millan Jr. is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ray Millan Jr. is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ray Millan Jr. possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a supply company located in the Hunts Point section of The Bronx in New York City.

23. Individual Defendants, Ray Millan, Gary Langsam, Anthony Millan, and Ray Millan Jr., possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Rivas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rivas, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Rivas (and all similarly situated employees) and are Plaintiff Rivas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Rivas and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Ray Millan, Gary Langsam, Anthony Millan, and Ray Millan Jr. operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Rivas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rivas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rivas's services.

30. In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supply company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Rivas is a former employee of Defendants who was employed as a driver's helper.

33. Plaintiff Rivas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Alberto Rivas Franco*

34. Plaintiff Rivas was employed by Defendants from approximately July 14, 2017 until on or about March 22, 2019.

35. Defendants employed Plaintiff Rivas as a driver's helper.

36. Plaintiff Rivas regularly handled goods in interstate commerce, such as vegetables and other supplies produced outside the State of New York.

37. Plaintiff Rivas's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Rivas regularly worked in excess of 40 hours per week.

39. From approximately July 14, 2017 until on or about March 22, 2019, Plaintiff Rivas worked from approximately 6:00 a.m. until on or about 2:00 p.m., one day a week, from approximately 6:00 a.m. until on or about 4:30 p.m. to 5:00 p.m., four days a week, and from approximately 6:00 a.m. until on or about 12:00 p.m., one or two extra days per month (typically 40 to 54 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Rivas his wages in cash.

41. From approximately July 12, 2017 until on or about December 2018, Defendants paid Plaintiff Rivas a fixed salary of $560 per week and once or twice per month when worked an extra day he was paid $672 per week.

42. From approximately December 2018 until on or about March 15, 2019, Defendants paid Plaintiff Rivas a fixed salary of $600 per week and once or twice per month when worked an extra day he was paid $720.

43. From approximately March 15, 2019 until on or about March 22, 2019, Defendants did not pay Plaintiff Rivas any wages for his work.

44. For approximately one week, Defendants did not pay Plaintiff Rivas any wages for his work.

45. Plaintiff Rivas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46. For example, Defendants required Plaintiff Rivas to work an additional 3 hours past his scheduled departure time four days a week, and did not pay him for the additional time he worked.

47. Defendants never granted Plaintiff Rivas any breaks or meal periods of any kind.

48. Plaintiff Rivas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49. On a number of occasions, Defendants required Plaintiff Rivas to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

50. In addition, in order to get paid, Plaintiff Rivas was required to sign a check in front of the secretary and give the check back so he could get his pay in cash.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rivas regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Rivas an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Rivas, in English and in Spanish (Plaintiff Rivas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54. Defendants required Plaintiff Rivas to purchase "tools of the trade" with his own funds—including gloves.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivas (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

56. Plaintiff Rivas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants' pay practices resulted in Plaintiff Rivas not receiving payment for all his hours worked, and resulted in Plaintiff Rivas's effective rate of pay falling below the required minimum wage rate.

58. Defendants habitually required Plaintiff Rivas to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

59. Defendants' time keeping system did not reflect the actual hours that Plaintiff Rivas worked.

60. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61. On a number of occasions, Defendants required Plaintiff Rivas to sign a document the contents of which he was not allowed to review in detail.

62. Defendants required Plaintiff Rivas to sign a document that reflected inaccurate or false hours worked.

63. Defendants paid Plaintiff Rivas his wages in cash.

64. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rivas (and similarly situated individuals) worked, and to avoid paying Plaintiff Rivas properly for his full hours worked.

66. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rivas and other similarly situated former workers.

68. Defendants failed to provide Plaintiff Rivas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69. Defendants failed to provide Plaintiff Rivas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

70. Plaintiff Rivas brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71. At all relevant times, Plaintiff Rivas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

72. The claims of Plaintiff Rivas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

73. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff Rivas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rivas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77. Defendants failed to pay Plaintiff Rivas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78. Defendants' failure to pay Plaintiff Rivas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff Rivas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rivas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiff Rivas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff Rivas (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

84. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiff Rivas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rivas, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rivas less than the minimum wage.

87. Defendants' failure to pay Plaintiff Rivas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Rivas was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

89. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rivas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91. Defendants' failure to pay Plaintiff Rivas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiff Rivas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiff Rivas with a written notice, in English and in Spanish (Plaintiff Rivas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants are liable to Plaintiff Rivas in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

96. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

97. With each payment of wages, Defendants failed to provide Plaintiff Rivas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiff Rivas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

99. Plaintiff Rivas repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants required Plaintiff Rivas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

101. Plaintiff Rivas was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rivas respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivas and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivas and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rivas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rivas and the FLSA Class members;

(f) Awarding Plaintiff Rivas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Rivas and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivas;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivas;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rivas's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rivas;

(l) Awarding Plaintiff Rivas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Rivas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Rivas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Rivas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Rivas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Rivas demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 3, 2019

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   <u>/s/ Michael Faillace</u>
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 29, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Luis Alberto Rivas Franco

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               29 de marzo 2019

*Certified as a minority-owned business in the State of New York*